**AMERICAN HOME ASSURANCE COMPANY, a New York corporation, Plaintiff,**

v.

**WEAVER AGGREGATE TRANSPORT, INC., et al., Defendants.**

**Case No. 5:10–cv–329–Oc–10PRL.**

United States District Court,
M.D. Florida,
Ocala Division.

Signed Sept. 30, 2014.

---

**64.** *See* n. 59 *supra.*

Aaron S. Weiss, Steven J. Brodie, Thomas Meeks, Carlton Fields Jorden Burt, PA, Miami, FL, Alexander David Del Russo, Carlton Fields, PA, West Palm Beach, FL, for Plaintiff.

John Wesley Frost, II, Frost, Van Den Boom & Smith, PA, Bartow, FL, Claude M. Harden, III, Appel Harden Law Group, Lakeland, FL, for Defendants.

## ORDER ON POST TRIAL MOTIONS

WM. TERRELL HODGES, District Judge.

This case was tried before a jury and was resolved by a special verdict under Rule 49(a)(1)(A), Federal Rules of Civil Procedure, through the jury's responses to specific interrogatories (Doc. 232).

The Jury determined, on the basis of several legal theories of recovery advanced by American Home, that Weaver Aggregate Transport, Inc., and Beacon Industries Staffing, Inc., were jointly and severally liable to American Home for $296,424.00 in unpaid premiums for workers compensation insurance coverage provided by American Home to Weaver during 2005, and for an additional $107,589.00 in premiums due for such coverage provided during 2006—a total of $404,013.00 for which judgment was entered in favor of American Home against Weaver and Beacon (Doc. 236).

The Jury also determined a cross claim filed by Weaver against Beacon awarding Weaver $145,000 for which a separate judgment was entered (Doc. 237) in that amount in favor of Weaver against Beacon.

Both Weaver and Beacon have filed post trial motions attacking the judgments (Doc. 246, Beacon's motion for judgment as a matter of law, or for a new trial, or to amend the judgments; and Docs. 247 and 248, Weaver's motion to compel an election of remedies and its separate motion for judgment as a matter of law or a new trial or a remittitur.)

The motions have been fully briefed, and oral argument has been heard. Upon due consideration, it is ORDERED and ADJUDGED:

1. Beacon's motion (Doc. 246) for judgment as a matter of law or for a new trial or to amend the judgment is in all respects DENIED insofar as it relates to the judgment in favor of American Home (Doc. 236) against Beacon. The evidence was sufficient to justify the Jury's verdict against Beacon with regard to both of American Home's claims for fraud in the inducement and as a third party beneficiary of the Client Services Agreement between Weaver and Beacon.

2. Beacon's motion (Doc. 246) for judgment as a matter of law or for a new trial or to amend the judgment as it relates to the judgment in favor of Weaver against Beacon (Doc. 237) is DENIED IN PART AND GRANTED IN PART. The argument that the Nevada statute of limitations bars Weaver's cross claim against Beacon fails for two interrelated reasons. First, there was no demand during the Charge Conference, or before the jury retired, for an interrogatory on the verdict form pertaining in any way to the statute of limitations issue. As a result, there is no jury finding of fact as to when Weaver knew or should have known of the facts underlying its cross claim, and such a finding is crucial to a determination of any limitations issue so that its absence is fatal to the defense. Secondly, and in much the same vein, the failure to demand submission of the issue on the special verdict form constituted a waiver of the issue under the explicit provisions of Rule 49(a)(3), Federal Rules of Civil Procedure.

With respect to Beacon's argument of impossibility of performance of the Client Ser-

vices Agreement because it was not licensed to do business in Florida, the argument fails because there is no showing that it could not have become licensed (or contracted with someone who was) in order to perform in Florida.

Beacon's motion (Doc. 246) also challenges Weaver's judgment (Doc. 237) on the ground that it represents a double award for the same damages included within American Home's judgment. Beacon's position is well taken and the motion (Doc. 246) is GRANTED to the extent that a separate order will be entered providing that enforcement or collection of the Weaver judgment against Beacon (Doc. 237) will be stayed pending payment or payments by Weaver to American Home in satisfaction or partial satisfaction of American Home's judgment (Doc. 236), in whole or in part, in which event Weaver may then enforce its judgment against Beacon in the amount of Weaver's payment(s) to American Home up to $145,000.00 plus any costs, interest or fees assessed in addition to the judgment in that amount.

■ 3. Weaver's motion to compel an election of remedies by American Home (Doc. 247) is in all respects DENIED. While American Home asserted various theories of *liability* against Weaver—all of which were found by the jury to be established—it sought only one *remedy*, namely an award of damages in the same amount for each claim measured by the amount of the premiums due for the Worker's Compensation insurance coverage extended by American Home to Weaver for 2005 and 2006. An election of remedies is simply inapposite. There will be no double recovery.

4. Weaver's motion for judgment as a matter of law or a new trial or a remittitur (Doc. 248) with respect to American Home's Judgment against Weaver is in all respects DENIED. The arguments concerning American Home's several theories of recovery from Weaver, all of which were sustained by the jury, are unpersuasive. This is particularly so with respect to American Home's

claim for unjust enrichment. Weaver argues that there was no evidence concerning the value of the benefits conferred by American Home upon Weaver, suggesting that such "benefits" would have been the amounts paid out in satisfaction of Worker's Compensation claims made by injured employees. Clearly, however, the benefit provided to Weaver by American Home was the insurance coverage extended with respect to Weaver's employees whether they had Worker's Compensation claims or not; and the value of that benefit was properly measured by the audited premiums that were charged for such coverage.

5. In summary, the Court's rulings are as follows:

A. Beacon's motion for judgment as a matter of law and for other relief (Doc. 246) as it relates to the judgment against it in favor of American Home (Doc. 236) is in all respects DENIED.

B. Beacon's motion for judgment as a matter of law and for other relief (Doc. 246) as it relates to the judgment against it in favor of Weaver (Doc. 237) is in all respects DENIED; except that a separate order will be entered staying collection or enforcement of that judgment under the conditions expressed above.

C. Weaver's motion (Doc. 247) to compel an election of remedies by American Home is in all respects DENIED; and Weaver's motion (Doc. 248) for judgment as a matter of law and other relief is in all respects DENIED.

6. The court's failure to mention in this order any argument or contention made in support of any motion disposed of by this order should not be construed in any way as a failure to consider such contention or argument; any unmentioned contention or argument was simply unpersuasive.

7. The judgments previously entered (Docs. 236 and 237) should now be considered as final and appealable.

8. The other pending motions for taxation of costs, assessment of attorney's fees and an

award of prejudgment interest (Docs. 239 and 241) will be referred by separate order to the United States Magistrate Judge.

IT IS SO ORDERED.